IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00684-KDB-SCR

JOTHAM BETHEA,

Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC, ET AL.,

Defendants.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on numerous pending motions including a Motion to Set Aside Default (Doc. No. 34), Motions to Dismiss (Doc. Nos. 9, 28), a Motion for Default Judgment (Doc. No. 20) and Motions to Strike (Doc. Nos. 33, 44, 66). The Court has carefully considered these motions and the parties' related pleadings, briefs and exhibits. For the reasons discussed below, the Court will set aside the default against Navy Federal Credit Union, grant the motions to dismiss without prejudice and deny the remaining motions as moot in light of those rulings.

I.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "good cause" is not defined in Rule 55(c), "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010)

1

(quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). Courts have "a strong preference that, as a general matter, defaults should be avoided and that claims and defenses be disposed of on their merits." *Id.* (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990)); *Jones v. Nat'l Ass'n U.S. Bank Tr. Co.*, No. 5:23-CV-00203-KDB-DCK, 2024 WL 2870001, at *1 (W.D.N.C. June 6, 2024).

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom*. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

In this action, Plaintiff Jotham Bethea claims that Defendants Equifax Information Services, LLC ("Equifax"), Navy Federal Credit Union ("Navy Federal") and Goldman Sachs Bank USA ("Goldman")[1] violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") and the Gramm-Leach-Bliley Act 15 U.S.C. § 6803, et seq. ("GLBA"). Specifically, he alleges that they included "inaccurate information and unauthorized accounts" in his credit report and failed to conduct reasonable investigations and remove the information after he disputed its inclusion. *See* Doc. No. 1 at 2. The "factual allegations" of the Complaint are generally pled (comprising only half a page), and accompanied by two exhibits that Plaintiff describes as the credit report and his written dispute of the report.

Plaintiff filed his Complaint on September 9, 2025, and served the Complaint and Summons on Navy Federal via the United States Postal Service Certified Mail on September 22, 2025. The mailing was sent to Navy Federal (not to a specific person or office) and it was not routed to Navy Federal's Office of General Counsel until September 26, 2025. Navy Federal then wrongly set its response deadline for October 17, 2025 (rather than October 13, 2025), based on the date of receipt by the General Counsel. *See* Doc. No. 35 at 2. On October 15, 2025, Plaintiff moved for Entry of Default and Default Judgment, and Entry of Default was entered on October 16, 2025. Doc. Nos. 19-20, 25. The next day, October 17, 2025, without knowledge of the Default, Navy Federal filed its Motion to Dismiss, arguing multiple grounds for dismissal. Doc. No. 28. On

---

[1] Plaintiff also sued OneMain Financial, which was dismissed as a Defendant pursuant to a Stipulation of Dismissal. *See* Doc. No. 73.

3

October 22, 2025, Plaintiff moved to strike Navy Federal's Motion to Dismiss (based on the earlier Entry of Default). Doc. No. 33. Navy Federal then moved to set aside and vacate the Clerk's Entry of Default. Doc. No. 34. On November 4, 2025, and November 20, 2025, Plaintiff filed Motions to Strike, first seeking to strike several of Goldman's affirmative defenses and, second, asking the Court to strike Navy Federal's Notice of No Reply in Support of Motion to Dismiss (again, related to the timing of the Default and the Motion to Dismiss). Doc. Nos. 44, 66. All motions are ripe for the Court's rulings.

### III. DISCUSSION

#### A. Motion to Set Aside Entry of Default

Weighing all of the relevant factors described above, the Court finds that Navy Federal has made the necessary showing of good cause to set aside entry of default. First, with respect to a "meritorious defense," Defendant "should proffer evidence which would permit a finding for the defaulting party." *Kirbbler v. Zen Enterprises Corp.*, 1:20-cv-20008-JRR, 2024 WL 361329, at *2 (D. Md. 2024) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). As discussed more below, Navy Federal's Motion to Dismiss offers a number of possible defenses, including a lack of pleading specificity / failure to state a claim. Not only does the Court find that these arguments could plausibly permit a finding for Defendants, it concludes they are meritorious.

The Court also finds that, while it bears the responsibility for erroneously calculating the due date of its response to the Complaint, Navy Federal acted with reasonable promptness in responding only four days late to the Complaint and quickly moving to set aside the Entry of Default once it became aware of it. Moreover, the Court finds that Plaintiff has not been prejudiced. "[D]elay in and of itself does not constitute prejudice to the opposing party." *Pennsylvania Nat'l*

*Mut. Cas. Ins. Co. v. Generali-U.S. Branch*, No. CV JKB-23-02746, 2024 WL 1194737, at *4 (D. Md. Mar. 20, 2024). Plaintiff asserts that granting relief "would destroy Plaintiff's right to rely on Rule 55" and "allow Defendant to bypass procedural rules and gain advantage from its own neglect." Doc. No. 38 at 3. Yet, those are not arguments that Plaintiff has suffered any actual prejudice – beyond not being able to take advantage of the four day delay to avoid proving his case on the merits. *See Quarles v. Wells Fargo Bank, N.A.*, Civ., No. GJH-20-3200, 2022 WL 952025, at *6 (D. Md. Mar. 30, 2022) ("Where there is a brief delay in the adversarial process, courts will generally find that there is no prejudice to plaintiff."). Finally, there is no history of dilatory action by Navy Federal and the Court finds that there is no need for sanctions in this case.

In summary, the Court finds that, when weighing the relevant factors alongside the preference for litigation to be decided on the merits, Navy Federal has shown good cause sufficient to set aside the Entry of Default. Therefore, the Motion to Set Aside Entry of Default will be granted. *See Jones v. Nat'l Ass'n U.S. Bank Tr. Co.*, No. 5:23-CV-00203-KDB-DCK, 2024 WL 2870001, at *1–2 (W.D.N.C. June 6, 2024).

**B.    Motions to Dismiss**

Equifax and Navy Federal have filed motions to dismiss. Doc. Nos. 9, 28.[2] Each asserts numerous grounds in support of their motion, but their initial and primary arguments are that Plaintiff has failed to plead with specificity the wrongful acts alleged against each Defendant, which they refer to as an impermissible "shotgun" pleading. *See* Doc. Nos. 9-1 at 4; 29 at 3. "Shotgun pleading occurs when a complaint 'fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading . . . or if 'it is virtually impossible to know

---

[2] Goldman filed an Answer to the Complaint in which they asserted Plaintiff's "failure to state a claim" as an Affirmative Defense. *See* Doc. No. 15. By local rule, that is insufficient to independently bring the issue before the Court for a decision. *See* W.D.N.C. Local R. 7.1(c)(1).

5

which allegations of fact are intended to support which claims[] for relief.'" *SunTrust Mortg., Inc. v. First Residential Mortg. Services Corp.*, No. 3:12CV162, 2012 WL 7062086, at *18 (E.D. Va. Sep. 11, 2012) (quoting *JPMorgan Chase Bank, N.A. v. Hayhurst Mortg., Inc.*, No. 10-21501CIV, 2010 WL 2949573, at *2 (S.D. Fla. July 26, 2010)); *Dealers Supply Co. v. Cheil Indus., Inc.*, 348 F. Supp. 2d 579, 589-90 (M.D.N.C. 2004) ("Courts have been quick to reject [complaints] in which multiple defendants are 'lumped together[.]'"). In other words, Plaintiff must plead with specificity the acts alleged as to each defendant because Federal Rule of Civil Procedure 8 requires the complaint to provide each defendant with fair notice of the claims against it. *See Reaves v. Ocwen Loan Servicing LLC*, No. 5:16-CV-186FL, 2016 WL 3248298, at *1-2 (E.D.N.C. June 10, 2016) (dismissing plaintiff's complaint as a shotgun pleading).

The Court agrees with Equifax and Navy Federal that the factual allegations in the Complaint are too conclusory, lump the Defendants together (including one who is now no longer in the case) and do not provide enough specificity to enable the Court and each Defendant to determine why and how Plaintiff contends there have been violations of the FCRA.[3] For example, Plaintiff claims that the credit file has "inaccurate information and unauthorized accounts" but the Complaint fails to specifically describe what was allegedly inaccurate about the information in the credit file – which is the hallmark of a FCRA claim. Doc. No. 1, at 2; *see Hinton v. Trans Union, LLC* 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (holding that a plaintiff must establish that her "credit file contains inaccurate or incomplete information" to establish a claim under §§ 1681e(b) or 1681i). Also, Plaintiff alleges that he "disputed the unauthorized accounts and inaccurate

---

[3] The Court notes that the GLBA does not provide a private right of action. *See Harper v. Trans Union, LLC*, No. CV DKC 24-230, 2025 WL 1928021, at *5 (D. Md. July 14, 2025); *Lyles v. Medicredit, Inc.*, No. 21-CV-0789-TDC, 2021 WL 6501328, at *2 (D. Md. Oct. 12, 2021) (finding that the plaintiff's HIPAA and GLBA "claims fail as a matter of law because neither statute creates a private right of action.").

information," Doc. No. 1 at 2, but does not provide any detail as what is inaccurate and why (other than an inaccurate address).

However, the Court disagrees with Equifax and Navy Federal that the Plaintiff's claims should be dismissed with prejudice. Rather, it would be fair and appropriate to dismiss the claims against them without prejudice to permit Plaintiff an opportunity to, if he chooses to do so, refile his Complaint with specific allegations which describe how the information in his credit report is inaccurate and how each Defendant allegedly violated the FCRA with respect to particular information.[4]

### C. Motion for Default Judgment and Motions to Strike

In light of the Court's rulings discussed above, Plaintiff's Motion for Default Judgment and Motions to Strike will be denied as moot.[5]

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Navy Federal's Motion to Set Aside Default (Doc. No. 34) is **GRANTED**;

2. Equifax and Navy Federal's Motions to Dismiss (Doc. Nos. 9, 28) are **GRANTED** and Plaintiff's claims against them **DISMISSED** without prejudice; and

---

[4] Having determined that the claims must be further specified as to each Defendant, the Court need not and does not reach the other grounds urged by Equifax and Navy Federal as to why particular Counts of the Complaint fail to state a claim.

[5] One of Plaintiff's Motions to Strike relates to Affirmative Defenses presented by Goldman in their Answer. Because a new Complaint is likely to be filed as a consequence of this Order, it is unnecessary to address this motion, the substance of which could in any event be resolved at Summary Judgment without prejudice to Plaintiff, if Plaintiff's claims against Goldman proceed separately.

7

3. Plaintiff's Motion for Default Judgment (Doc. No. 20) and Motions to Strike (Doc. Nos. 33, 44, 66) are DENIED as moot.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 19, 2025

Kenneth D. Bell
United States District Judge