**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00684-KDB-WCM**

| | |
|---|---|
| JOTHAM BETHEA, **Plaintiffs,** v. GOLDMAN SACHS BANK USA, ET AL. , **Defendants.** | <u>**MEMORANDUM AND ORDER**</u> |

THIS MATTER is before the Court on Defendant Goldman Sachs Bank USA's ("Goldman") Motion to Compel Arbitration (Doc. No. 77). The Court has carefully considered this motion and the Parties' briefs and exhibits. For the reasons discussed below, the Court will GRANT the motion, compel arbitration, deny Plaintiff's Motion to Amend the Complaint (Doc. No. 78) as moot, and, finding no non-arbitrable claims remaining, dismiss this action.

## I. LEGAL STANDARD

The Federal Arbitration Act ("FAA") represents "a liberal federal policy favoring arbitration agreements" and applies "to any arbitration agreement within the coverage of the [FAA]." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under Section 2 of the FAA, a written arbitration provision "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

1

In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) a relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute." *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016); *see also Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015). Agreements to arbitrate are construed according to ordinary rules of contract interpretation, as augmented by a federal policy requiring that all ambiguities be resolved in favor of arbitration. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2011). Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 81 (2000).

If the Court sends a case to arbitration, it must stay the case if either party requests it, assuming that there are no other reasons to dismiss unrelated to the fact an issue in the case is subject to arbitration. *See Smith v. Spizzirri*, 144 S. Ct. 1173, 1176 (2024). For example, where all the claims at issue in a lawsuit are arbitrable, but neither party has requested a stay, the court may dismiss the lawsuit for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Wake Cnty. Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011); *see also Choice Hotels Intern.*, 252 F.3d at 709-10 ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

Alternatively, where the claims at issue are arbitrable, but neither party has requested a stay, a court may choose to stay a lawsuit pending the parties' completion of arbitration. *See*

*Silkworm Screen Printers, Inc. v. Abrams*, No. 91-1631, 1992 WL 317187, at \*6 (4th Cir. Nov. 4, 1992) ("If the district court finds that [plaintiff] agreed to arbitrate ... it may either dismiss [plaintiff's] complaint for lack of subject matter jurisdiction or stay its proceedings pending arbitration and consideration of the award pursuant to Article V of the Convention.").

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Jotham Bethea obtained two credit cards from Goldman. (*See* Doc. No. 1). In this action, Bethea alleges numerous claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") and a violation of the Gramm Leach-Bliley Act, 15 U.S.C. § 6803, et seq. ("GLBA") against the bank in connection with credit reporting related to the cards. (*Id.*).

The terms of the credit card relationship between Bethea and Goldman are described in cardholder agreements for each card. One of the agreed terms is an arbitration provision that provides that either party can elect mandatory binding arbitration of any claim:

> arising from or relating to: (i) this Agreement, your Account or your relationship with us; (ii) any servicing of your Account by our agents or service providers; (iii) advertisements, promotions or statements related to this Agreement or your Account; (iv) your application for credit; (v) credit bureau reporting or debt collection on or related to your Account; and (vi) your access to and use of your Account from or using any products or services provided by [] and its affiliates.

(Doc. No. 77-1 at 18; Doc. No. 77-2 at 16). To exercise its rights under this provision, Goldman filed the pending motion to compel arbitration on February 3, 2026. (Doc. No. 77). Three days later, Plaintiff filed a Motion for Leave to File First Amended Complaint. (Doc. No. 78). The proposed Amended Complaint asserts similar claims against Goldman arising out of credit reporting related to Plaintiff's credit cards. (Doc. No. 78-1).

## III. DISCUSSION

Under the well-established law supporting arbitration agreements, the Parties' dispute must be resolved in arbitration. *See Kendall v. Reg'l Enters., LLC*, No. 5:24-CV-00180-KDB-SCR, 2024

WL 4375792, at *1 (W.D.N.C. Oct. 2, 2024). *Blount v. Wells Fargo Bank, N.A.*, No. 3:25-CV-00846-KDB-WCM, 2026 WL 660576, at *3 (W.D.N.C. Mar. 9, 2026). As described above, there is (and could be) no dispute that Bethea and Goldman entered into agreements to arbitrate the credit reporting claims at issue here. Therefore, the Court must compel arbitration of the Plaintiff's claims against Goldman.

In the exercise of the Court's discretion and in the absence of any request for a stay, the Court will dismiss this action upon directing that the Plaintiff's claims be arbitrated.

## IV. ORDER

NOW THEREFORE IT IS ORDERED THAT:

1. Defendant Goldman's Motion to Compel Arbitration (Doc. No. 77 is **GRANTED**; and finding no non-arbitrable claims remaining, **DISMISS** this action;

2. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 78) is **DENIED** as moot; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 18, 2026

Kenneth D. Bell
United States District Judge

4