# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00684-KDB-WCM

| | |
|---|---|
| JOTHAM BETHEA, **Plaintiff,** v. GOLDMAN SACHS BANK USA, ET AL., **Defendants.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration of Order (Doc. No. 85). The Court has carefully considered this motion and the parties' supporting and opposing briefs. For the reasons discussed below, the Court will **GRANT** the motion and enter a stay of this action, pending the arbitration previously ordered by the Court. *See* Doc. No. 83.

In this action, Plaintiff Jotham Bethea claims that Goldman Sachs Bank USA ("Goldman") and Navy Federal Credit Union ("Navy Federal") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") by including "inaccurate and unauthorized information" in his credit report. *See* Doc. No. 78-1 at 1-2. On March 19, 2026, the Court granted Goldman's Motion to Compel Arbitration and, finding no non-arbitrable claims remaining, dismissed the action. Doc. No. 83. While it is true that there were no non-arbitrable claims remaining in the case at the time of that Order (because Plaintiff's claims against Navy Federal had previously been dismissed in Doc. No. 74), Plaintiff had pleaded potentially non-arbitrable claims against Navy Federal in a proposed Amended Complaint, which Plaintiff had moved for leave to file. *See* Doc. No. 78. In granting the Motion to Compel Arbitration, the Court denied the motion seeking to file the

Amended Complaint as moot. Doc. No. 83 at 4. Plaintiff asks the Court to reconsider the dismissal of his putative amended claims against Navy Federal.

The Court will grant the motion for reconsideration and stay rather than dismiss this matter. If the Court sends a case to arbitration, it must stay the case if either party requests it, assuming that there are no other reasons to dismiss unrelated to the fact an issue in the case is subject to arbitration. *See Smith v. Spizzirri,* 601 U.S. 472, 478–79 (2024). The Court will consider Plaintiff's motion seeking to move forward with his claims against Navy Federal as a request for a stay, which will be granted. The arbitration with Goldman, which will address the common factual allegations that underly Plaintiff's claims against both Defendants, must go first. *See Hill v. G E Power Sys., Inc.,* 282 F.3d 343, 347–48 (5th Cir. 2002) (Strong federal public policy in favor of arbitration preserves the arbitration rights of signatory parties over the resolution of claims against nonsignatories). Then, in the event that Plaintiff has valid claims against Navy Federal following his arbitration with Goldman, the Court can lift the stay and address the motion seeking leave to file an Amended Complaint and, if granted, resolve Plaintiff's claims against Navy Federal on the merits.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 85) is **GRANTED**; and

2. The Clerk is directed to reopen this matter and enter a stay pending the previously ordered arbitration between Plaintiff and Goldman Sachs Bank USA.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: May 5, 2026

Kenneth D. Bell
United States District Judge